UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHONTEZ FRAZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  21-1067 |
| | ) |
| MCLEAN COUNTY STATE'S ATTORNEY'S OFFICE, *et al.* | ) |
| | ) |
| Defendants. | ) |

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding *pro se*, and currently detained at McLean County Detention Facility, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Drazewski, a state judge, issued a warrant for Plaintiff's arrest upon oral motion by prosecutors without an accompanying written affidavit or sworn complaint. Plaintiff alleges that the witness statement supporting

the apparent probable cause finding was "enough evidence to investigate this complaint, and even pull [him] in for questioning about [it]," but that it falls short of the evidence required to convict. Plaintiff alleges that the prosecutors are "knowingly destroying and forging evidence to stop [him] from proving [his] innocence." Plaintiff also alleges that Defendant Trickett, a police detective, committed "forgery with the evidence" and "perjury by destroying key evidence in this case."

Defendants Drazewski, Knapp, Reynolds, and Rigdon are entitled to absolute immunity for their involvement in Plaintiff's court proceedings. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). Plaintiff's allegations do not permit a reasonable inference that any constitutional deprivation he suffered resulted from policies of the McLean County State's Attorney's Office or Sheriff's office, and, therefore, he does not state a claim against these defendants. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). The violation of state law is not sufficient to state a federal claim for relief. *Pulera v. Sarzant*, 966 F.3d 540 (7th Cir. 2020).

Plaintiff's allegations regarding the fabrication or destruction of evidence are too conclusory to state a claim. Even if Plaintiff could state a plausible constitutional claim on these allegations, *Younger v. Harris*, 401 U.S. 37 (1971), requires dismissal where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). Plaintiff's criminal case proceedings involve the same set of facts, are judicial in nature, implicate important state interests in enforcing their own laws, and Plaintiff will have an opportunity to present his constitutional issues in that case.

The Court finds that Plaintiff has not sued a state official amenable to suit or otherwise stated a federal constitutional claim upon which relief could be granted. The Court sees no reason to allow Plaintiff's claims regarding the fabrication and destruction of

evidence to proceed while Plaintiff's underlying criminal case is still pending. Nonetheless, pursuant to the usual practice in this circuit, the Court will permit Plaintiff an opportunity to file an amended complaint to provide any additional information Plaintiff wants the Court to consider.

**IT IS THEREFORE ORDERED:**

1)  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file a second amended complaint. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2)  Plaintiff's Motion for Leave to File an Amended Complaint [6] is denied. Any amended complaint must comply with the requirements discussed above.

Entered this 4th day of May, 2021.

*s/Harold A. Baker*
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE